## JAMES EDWARD FORREST v. STATE.

No. A-7193.   Opinion Filed March 18, 1930.
(287 Pac. 1052.)

Cham Jones, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district  court  of Stephens county of rape in the first degree and his punishment fixed at death.

The record discloses that on August 2, 1928, Mrs. H. A. Evans, a white woman, was at her home about three miles north of Comanche with her three small children. The defendant, a negro, appeared at the place, broke in

the door, and Mrs. Evans with one of the children in her arms fled out of the back door and attempted to go to her husband, who was working almost a mile away. The defendant, who was armed with a pistol, pursued and caught her and pointed the pistol at her and threatened to kill her. She screamed, but was unable to make any one hear. He forced her back into the house, and the children fled. He pressed the pistol against her temple and forced her to submit to outrage. Defendant was apprehended and Hon. Cham Jones, a leading member of the bar of that section of the state, was appointed to defend. The case came on for trial; defendant was arraigned, informed fully of his constitutional rights, and entered a plea of guilty. The court, before accepting the plea, asked his counsel if he had anything to say. His counsel informed the court that he had conferred with defendant, had advised him fully of his constitutional rights and the punishment fixed by law for the crime charged; that defendant had at all times advised him he was guilty as charged and would plead guilty. He stated further that he knew of nothing that he could do further, and stood ready to carry out any directions of the court in behalf of defendant if the court felt there was anything further that should be done to safeguard the rights of defendant. The court also heard the testimony of the victim of the crime. It disclosed a most brutal crime. Defendant stated to the court that her statement was true. The defendant at the time further informed the court that he was an escaped prisoner from the penitentiary in Texas, where he had been serving a sentence for rape.

Section 1837, Comp. St. 1921, defines rape in the first degree and section 1838, Comp. St. 1921, fixes the punishment at death or by imprisonment in the penitentiary not less than fifteen years.

As we view the record in this case, if any case of rape in the first degree warrants the death penalty it is this case. We perceive no mitigating circumstances. A defendant convicted of this dastardly crime under the circumstances shown has forfeited the right to live, and the sentence of death was properly assessed.

There is nothing in this case that would justify this court in interfering with the judgment and sentence. The judgment appealed from is therefore affirmed.

It is further ordered by this court that the warden of the penitentiary proceed to carry into execution the judgment of the district court of Stephens county, and May 23, 1930, is fixed as the date for executing the judgment pronounced.

DAVENPORT and CHAPPELL, JJ., concur.